## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **CARL WATSON** | § | |
| | § | |
| | § | **CIVIL NO. 6:24-cv-258** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **HABITAT FOR HUMANITY** | § | |
| **OF SMITH COUNTY** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### I.      INTRODUCTION

1.      Plaintiff, Carl Watson brings this action to enforce his rights under the Age Discrimination in Employment Act and Chapter 21 of the Texas Labor Code against his former employer Habitat for Humanity of Smith County.

#### II.      JURISDICTION AND PARTIES

2.      This Court has jurisdiction to hear the merits of Mr. Watson's claims under 28 U.S.C. §1331.

3.      All conditions precedent to jurisdiction have occurred or been complied with:

(a)      a charge of employment discrimination #450-2023-09776 on the basis of age was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b)      A Notification of Right to Sue was received from the EEOC on or about April 29, 2024.

(c)      This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

4.      Plaintiff, Carl Watson, is a citizen of the United States and the State of Texas who resides in Smith County, Texas.

5.      All of the discriminatory employment practices alleged herein were committed within the Eastern District of Texas.

6.      Defendant, Habitat for Humanity of Smith County is a Texas non-profit corporation which operates a business located at 822 W. Front Street, Tyler, Texas 75702 in Smith County, Texas. It may be served through its Registered Agent, Jack Wilson, 822 W. Front Street, Tyler, Texas 75702.

7.      Habitat for Humanity of Smith County employs 15 or more full or part-time employees and is an "employer" under the ADEA and Chapter 21 of the Texas Labor Code.

## II.      STATEMENT OF FACTS

8.      Defendant, Habitat for Humanity of Smith County  (hereinafter "Defendant" or "Habitat for Humanity") operates a non-profit in Tyler, Texas.

9.      Plaintiff Watson was hired as the Director of Operations at Habitat for Humanity of Smith County in February 2020. Jack Wilson (CEO) was his direct supervisor. Over the course of the next 3 years, Wilson told Plaintiff Watson on numerous occasions that he was going to be his replacement when he retired. He even made comments such as "when you're on this side of the desk...".

10.     Plaintiff Watson successfully increased the number of homes constructed on an annual basis. Watson grew the ReStore operation to the highest sales and profit level it had ever obtained in its history of operation. Watson also re-tooled and turned around the Critical Repairs division. Watson maintained excellent working (and personal) relationships with the entire staff.

11.     On occasions, CEO Wilson would leave for weeks at a time (vacation to Florida) and in his absence Plaintiff Watson ran the organization. On one occasion Wilson was gone approximately 6-7 weeks.

12.     When CEO Wilson announced his retirement, Watson applied for the position of CEO. There was a Selection Committee established that consisted of 4 individuals plus Jack Wilson. Blake Laird (Board President and Chairman of the Committee), James Brooks (Board Member), Chris Pulliam (Board member), and Gregg Grub (Finance Committee member). The job

was posted on Indeed, Habitat Texas, and Habitat International websites. Plaintiff Watson applied with his resume and cover letter to the Selection Committee Chairman, Blake Laird; however, he received no acknowledgement. Watson was the last person to be interviewed. The interview felt like a formality and somewhat insincere…like they were just going through the motions.

13.    Nearly three weeks after the interview, Plaintiff Watson inquired as to the status of his interview with the CEO. Among other things, CEO Wilson said that "they were trying to decide on what they wanted the "face of the organization" to be." When asked what that (face of the organization) meant, CEO Wilson said that they were trying to decide who they wanted to go after a "younger demographic, the new upcoming generation of money."

14.    Plaintiff Watson told the CEO that his statements sounded discriminatory. He said it wasn't.

15.    Approximately two weeks later CEO Watson emailed the staff that Mary Alice Guidry was the new CEO. Guidry is in her mid-thirties and Plaintiff Watson was 62 years old at the time. Guidry did not meet the minimum qualifications of the job posting. Guidry's experience level was nowhere close to Plaintiff Watson's. She had served on the Habitat Board for six years, a Board that for the past two years has only met four times a year.

16.    After Guidry started on July 5th, 2023, she ignored Plaintiff Watson from day one. She began excluding Watson from meetings and decisions, which was concerning because he was always involved in meetings and decisions that impacted the organization during the previous CEO's tenure. Guidry was openly hostile to Plaintiff's Watson's ideas for operation of the organization.

17.    Approximately five weeks later, Plaintiff Watson was called into the conference room for a meeting with Guidry, James Brooks (Board President) and a new Board Member Michelle Taylor. Taylor is the HR Manager at Mercy Ships in Van, TX. Michelle ran the meeting

despite the fact that I had not had any contact with her during my tenure with the organization. Plaintiff Watson was presented with a separation agreement offering two weeks' severance if he signed the agreement stipulating that he would not pursue legal action against the organization. Plaintiff Watson was told that his dismissal was not performance related but was due to my position being eliminated. Watson contends that the proffered reason for his termination was false and a pretext for age discrimination.

### III.    CLAIM FOR RELIEF

### AGE DISCRIMINATION IN EMPLOYMENT ACT/
### CHAPTER 21 TEXAS LABOR CODE

18.    The allegations contained in Paragraphs 1 through 17 are hereby incorporated by reference.

19.    The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and/or Chapter 21 of the Texas Labor Code and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626 and/or Chapter 21 of the Texas Labor Code.

20.    At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

(a)    Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees;

(b)    Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees; and

21.    The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover double damages. The termination of Plaintiff's employment also was consciously indifferent to his rights under Chapter 21 of the Texas Labor Code which entitled him to recover punitive damages.

### IV.    ACTUAL DAMAGES

22.    As a direct and proximate result of Defendant's violation of the ADEA/Chapter 21,

Watson has suffered economic damages in the form of lost wages and benefits and lost employment opportunities.

23.     As a direct and proximate cause of Defendant's violations of the ADEA/Chapter 21, Watson has suffered mental anguish, loss of enjoyment of life, and other non-pecuniary losses which entitle him to be entitled to recover compensatory damages.

## V.     PUNITIVE DAMAGES

24.     The conduct committed by Defendant against Watson is the type of conduct demonstrating malice or reckless indifference to the rights of Watson. Therefore, Plaintiff Watson brings suit for punitive damages.

## VI.     LIQUIDATED DAMAGES

25.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Watson further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost under the provisions of the ADEA.

## VII.     ATTORNEYS' FEES AND EXPERT FEES

26.     A prevailing party may recover reasonable attorneys' and experts' fees. SEE 42 U.S.C. §2000e-5(k)/Chapter 21. Watson seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Watson additionally brings suit for attorney's fees, expert fees and other costs pursuant to 29 U.S.C. §2617(a)(3).

## VIII.   JURY DEMAND

27.     Watson demands trial by jury.

## IX.     RELIEF REQUESTED

28.     Plaintiff Watson requests the judgment of this Court against Defendant as follows:

(a)     Find and hold that Watson has suffered from Defendant's acts of discrimination on

the basis of his age;

(b)     Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c)     Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d)     Award Plaintiff liquidated damages pursuant to the ADEA;

(e)     Award Plaintiff attorney fees and expert fees, including litigation expenses, and the cost of this action; and

(f)     Grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Phone/Fax

ATTORNEY FOR PLAINTIFF